1 | Edward James Artz, Trustee on behalf of
2 | EDWARD JAMES ARTZ™ TRUST
  | c/o 464 Baneswood Circle
3 | Kennett Square, Pennsylvania [19348]
4 | 602-774-2266 Fax and Phone
  | ejartz@gmail.com
5
6 | Trustee is Real Party in Interest: Federal Rules
  | of Civil Procedure 17(a)(1)(E)
7

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Edward James Artz, Trustee, on behalf of EDWARD JAMES ARTZ™ TRUST, <br><br>Petitioner, <br><br>v. <br><br>D. Dusty Blakey, Thomas G. Saylor, John L. Hall, Patricia Maisano, Richard Leff. David J. Sander, David R. Gordon, Jonathan B. Schuck, Patricia McNamara, Frank Macciocca, Joseph Meola, Thomas J. Kratzenberg, Joseph William Lazzaro, John and Jane Doe 1-100, jointly, individually and severally, <br><br>Respondents. | Case No. <br><br>Judge: <br><br>**VERIFIED PETITION TO COMPEL ARBITRATION WITH INTEGRATED MEMORANDUM OF LAW WITH REQUEST FOR AN "*IN-CAMERA*" REVIEW OF SEALED AGREEMENT** |

**VERIFIED PETITION TO COMPEL ARBITRATION WITH INTEGRATED MEMORANDUM OF LAW WITH REQUEST FOR AN "*IN-CAMERA*" REVIEW OF SEALED AGREEMENT**

Petitioner, by and through its Trustee, Edward James Artz, acting *on behalf of* EDWARD JAMES ARTZ™ TRUST ("Trust"); pursuant to Federal Rules of Civil Procedure Rule ("F. R. Civ. P.") Rule 17(a)(1)(E) concerning his own acts as one member of the Board of Trustees administrating a private, international, irrevocable Trust established under the Hague Convention

on Trusts; for its VERIFIED PETITION TO COMPEL ARBITRATION WITH INTEGRATED MEMORANDUM OF LAW WITH REQUEST FOR AN "IN-CAMERA" REVIEW OF SEALED AGREEMENT, against Respondents, alleges, on knowledge as to its own actions, and otherwise upon information and belief, as follows:

**PRELIMINARY STATEMENT/INTRODUCTION**

1. This is a contract dispute between the Petitioner and the Respondents where the Respondents have breached the confidential Notice to Cease and Desist/Arbitration Agreement(s), a private contract ("Agreement") a copy of which is under seal, for an *in camera* review, attached hereto and incorporated herein by reference labeled "Exhibit 1", that was served on all parties, requiring the Court to Compel Arbitration pursuant to the FAA, 9 U.S.C., §§1-16 so the matter can be resolved through arbitration by the American Arbitration Association ("AAA"). The FAA is the choice of law declared in the Agreement (see *page 8 section V. Choice of Law in Exhibit 1*) and in the Trust Indenture. AAA Commercial Arbitration Rules R-7(a) and (b) and AAA Optional Appellate Arbitration Rule A-10 are specifically invoked.

2. Because "traditional principles" of state law allow a contract to be enforced by or against non-signatories to the contract through "assumption, piercing the corporate veil, alter ego, incorporation by reference, third-party beneficiary theories, waiver and estoppel," *21 R. Lord, Williston on Contracts* §57:19, p. 183 (4th ed. 2001)[1]. And in *Thomson-CSF v. Am. Arbitration Ass'n*, 64 F.3d 773, 776 (2d Cir. 1995), the Court held that a non-signatory may be bound to an arbitration agreement under an estoppel theory when the non-signatory seeks a direct benefit from the contract while disavowing the arbitration provision[2], Id. at 778-79. Respondents in this case, as non-signatories, have received a direct benefit from the settlement contract and have therefore made a clear grant of consent by electing to continue their unconstitutional Takings and accession to the term that any dispute arising from the Agreement will be

---

[1] Cited by Justice Scalia in *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624 (2009)

[2] *Deloitte Noraudit A/S v. Deloitte Haskins Sells, U.S.*, 9 F.3d 1060, 1064 (2d Cir. 1993)

resolved in binding arbitration. Respondents are therefore bound to the Agreement by estoppel, assumption, veil piercing (15 U.S.C., §1122(b) and (c)), waiver and alter ego. More on how Respondents are bound as non-signatories is forthcoming within the four corners of this document.

3. Petitioner seeks an order from this Court under the Federal Arbitration Act (9 U.S.C., §§2 and 4) compelling Respondents to arbitrate this dispute between the parties in accordance with the terms of the written confidential Notice to Cease and Desist with incorporated Arbitration Agreement (*Exhibit 1, provided under seal for in Camera review, attached hereto and fully incorporated herein by reference*).

4. Petitioner is a Trustee on Behalf of the "Trust" who is domiciled near Kennett Square, Pennsylvania. "Trust" is a foreign state pursuant to 8 U.S.C., §1101(14), but for purposes of Jurisdiction and Venue, "Trust" has a satellite office near Kennett Square, Pennsylvania. "Trust" is an irrevocable, unincorporated business trust organized under the Hague Convention on Private International Law: Convention of 1 July 1985. Petitioner has standing, and under Article III standing, wherefore a plaintiff must establish, at a minimum, the following elements: First, the plaintiff must have suffered an "injury in fact"— an invasion of a legally protected interest which is (a) concrete and particularized, and (b) "actual or imminent, not 'conjectural' or 'hypothetical.'"; Second, there must be a causal connection between the injury and the conduct complained of the injury has to be "fairly... traceable to the challenged action of the defendant, and not... the result of the independent action of some third party not before the Court." ; and, Third, it must be "likely," as opposed to merely "speculative," that the injury will be redressed by a "favorable decision." *2 Kardules V. City of Columbus*, 95 F. 3d 1335, 1346 (6th Cir. 1996) (quoting *Lujan v.Defenders of Wildlife*, 504 U.S. 555, 560-61, 112 S.Ct. 2130, 2136(1992)). In the case before the Court, the Plaintiff suffered a legally protected right under operation of law which is concrete and actual; the injury is directly traceable to the challenged action of the Respondents; and it is certain the injury will be redressed by a favorable decision to

Page 3 of 15

Compel Arbitration. Therefore all three elements to establish Article III standing are addressed within the Petitioner's case. And, Petitioner is before the Court pursuant to F. R. Civ. P., 17(a)(1)(E), concerning his acts of administration that are protected by the Hague Convention and the Constitution, Article I, §10, cl. 1, the Contract clause; and Article VI, §2, the Supremacy clause as one member of the Board of Trustees acting on behalf of the private, irrevocable trust EDWARD JAMES ARTZ™ TRUST.

## TABLE OF CONTENTS  Page #

PRELIMINARY STATEMENT/INTRODUCTION.................................................... 2

TABLE OF AUTHORITIES................................................................................... 4

JURISDICTION AND VENUE............................................................................... 6

PRELIMINARY STATEMENT OF FACTS............................................................ 8

COUNT ONE – COMPEL ARBITRATION UNDER THE FAA................................... 11

COUNT TWO – PROTECT TRUST FROM FURTHER TRADEMARK AND ……. 13

        TRADE SECRET INFRINGEMENT

RELIEF REQUESTED……………………………………………………………... 14

DECLARATION……………………………………………………………………. 15

## TABLE OF AUTHORITIES

**U.S. Federal Rules/Laws:**  Page #

U.S. Constitution, Article I, §10, cl. 1, the Contract clause …………………….. 4

U.S. Constitution, Article VI, Paragraph 2, Supremacy Clause ………………….. 4

Fifth (5th) Amendment ……………………………………………………………. 2,6,7,14

Fourteenth (14th) Amendment ……………………………………………………. 6,12

9 U.S.C., §1-16……………………………………………………………………. 2

9 U.S.C., §2 .................................................................................................. 3,7,13

9 U.S.C., §4 ............................................................................................. 3,7,10,11,13

9 U.S.C., §15 ................................................................................................ 7

15 U.S.C., §1122(b) and (c)........................................................................... 3

8 U.S.C., §1101(14)....................................................................................... 3

28 U.S.C., §1746(1)....................................................................................... 15

28 U.S.C., §1331 ........................................................................................... 7

28 U.S.C., §1367............................................................................................ 7

28 U.S.C., §1391............................................................................................ 8

Fed.R.Civ.P. 4(k)(1)(a)................................................................................... 6

Rule 17(a)(1)(E) ............................................................................................ 1,4

Pennsylvania Constitution Article X, §4........................................................ 6

**Miscellaneous Rule/Authorities**

American Arbitration Association (AAA)

Commercial Arbitration Rules, R-7................................................................ 2

Optional Appelate Arbitration Rules, A-10.................................................... 2

**U.S. Case Law and Law References:**

*Arthur Andersen LLP v. Carlisle*, 556 U.S. 624 (2009)…………………….. 2 F.N.

*Chicago, Burlington & Quincy R.R. v Chicago*, 166 U.S. 226, 241 (1897)………….… 6

*Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d at 1130 (9th Cir. 2000)…………. 13

*Credit Suisse Sec. (USA) LLC v.Ebling*, 2006 WL 3457693,at*2(S.D.N.Y. Nov. 27, 2006)7

*Ex Parte Young*, 209 U.S. 123 (1908)………………………………………….. 6

*Juicy Couture, Inc. v. Bella Intern*, 930 F. Supp. 2d 489 (S.D.N.Y. 2013)………………. 11

2 *Kardules V. City of Columbus*, 95 F. 3d 1335, 1346 (6th Cir. 1996)…………………. 3

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 112 S.Ct. 2130, 2136 (1992)......... 3

*Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Lauer*, 49 F.3d 323, 328 (7th Cir. 1995)) 8

*Thomson-CSF v. Am. Arbitration Ass'n*, 64 F.3d 773, 776 (2d Cir. 1995).................... 2

*United States v Pewee Coal*, 341 U.S. 114, 119 (1951)......................................... 12

*Vaden v. Discover Bank*, 556 U.S. 49, 62 (2009)................................................. 7

*Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008)....................... 14

21 R. Lord, *Williston on Contracts* §57:19, p. 183 (4th ed. 2001)............................ 2

## JURISDICTION & VENUE

1. Respondents' initial failure and subsequent refusal to provide just compensation for Taking Trust property in the form of a Trademark, as required by the U.S. Constitution, Fifth Amendment Takings Clause and in concert with the Pennsylvania Constitution Article X, §4 creates a Fourteenth Amendment due process violation because private property taken by Respondents in their official capacity for the State without just compensation to the owner is "wanting in the due process of law required by the Fourteenth (14th) Amendment of the Constitution of the United States." (See *Chicago, Burlington & Quincy R.R. v Chicago,* 166 U.S. 226, 241 (1897))[3] and any violation of the Constitution constitutes an *ultra vires* action (see *Ex Parte Young,* 209 U.S. 123 (1908))[4] rendering Respondents actions in alter ego.

---

[3] *Ex parte Virginia*, 100 U. S. 339, 100 U. S. 346-347; *Neal v. Delaware*, 103 U. S. 370; *Yick Wo v. Hopkins*, 118 U. S. 356; *Gibson v. Mississippi*, 162 U. S. 579." "For the state constitution not only declares that no person shall be deprived of his property without due process of law, but that private property shall not be taken or damaged for public use without just compensation. But it must be observed that the prohibitions of the amendment refer to all the instrumentalities of the State -- to its legislative, executive, and judicial authorities -- and therefore whoever, by virtue of public position under a state government, deprives another of any right protected by that amendment against deprivation by the State, "violates the constitutional inhibition, and, as he acts in the name and for the State, and is clothed with the State's power, his act is that of the State." This must be so, or, as we have often said, the constitutional prohibition has no meaning, and "the State has clothed one of its agents with power to annul or evade it."

[4] *Ex Parte Young*, 209 U.S. 123 (1908), "If government officials attempt to enforce an unconstitutional law, sovereign immunity does not prevent people whom the law harms from suing those officials in their individual capacity for injunctive relief. This is because they are not acting on behalf of the state in this situation."

2. Therefore, the Court has subject matter jurisdiction based on a Federal Question, the Fifth Amendment takings, pursuant with 28 U.S.C., §1331, for this civil action for judicial review of the Agreement (*as Exhibit 1 under seal for in Camera review, attached hereto and fully incorporated herein by reference*) presented to the Court and in accordance with the Severability Doctrine for a 9 U.S.C., §2 examination and 9 U.S.C., §4 execution of the arbitration clause, wherein the Act of State doctrine is inapplicable, pursuant to 9 U.S.C., §15.

3. In a domestic case, to determine whether the Court has federal question jurisdiction over a petition to compel arbitration, the Court may "look through" the petition to the underlying dispute to determine if it would have subject matter jurisdiction over the dispute except for the arbitration agreement (*Vaden v. Discover Bank*, 556 U.S. 49, 62 (2009)). This "look through" approach permits a petitioner to bring a petition to compel arbitration of a dispute arising under federal law without first filing a federal question complaint to determine that federal question jurisdiction exists (Id. Vaden, 556 U.S. at 65).

4. Upon determination that the U.S. District Court has subject matter jurisdiction over the petitioner's federal question claims, it may assert supplemental jurisdiction over the petitioner's state-law claims that are related to and form a part of the same case or controversy (28 U.S.C., §1367).

5. Venue is proper in this judicial district because, pursuant to 9 U.S.C. § 4, a party should bring a petition to compel arbitration in the District where the parties agreed to arbitrate any disputes between them. The parties agreed to bring any arbitration of a dispute to the American Arbitration Association in Philadelphia, Pennsylvania located within the District Court's Eastern District of Pennsylvania venue (*See the Agreement Exhibit 1, Page 7 item 3 under Arbitration Process*). And it is the Eastern District where the Petition was filed. See *Credit Suisse Sec. (USA) LLC v. Ebling*, 2006 WL 3457693, at *2 (S.D.N.Y. Nov. 27, 2006), a party agreeing to arbitrate in a particular jurisdiction consents not only to personal jurisdiction but also to venue of the Courts within that jurisdiction.

And personal jurisdiction is further established by F. R. Civ. P. Rule 4(k)(1)(A). There must be a geographical connection between the arbitration and the Court compelling arbitration (*Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Lauer*, 49 F.3d 323, 328 (7th Cir. 1995))[5] which is established by using the Philadelphia AAA.

6. Based on information and belief, Petitioner alleges that all Respondents reside within the outer boundaries of Pennsylvania; and pursuant to 28 U.S.C., §1391(b)(1), a civil action may be brought in a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located. Furthermore, per F. R. Civ. P. Rule 4(k)(1)(A), the Court has personal jurisdiction over the Respondents.

## PRELIMINARY STATEMENT OF THE FACTS

1. On January 15, 2020, February 3, 2020, March 1, 2020 and again on July 1, 2020, Respondent(s) did initiate a Taking regarding an ongoing action in the name of the State. (see *Exhibit A,* attached hereto and fully incorporated herein by reference).

2. Petitioner is a trustee of a private, irrevocable Trust that is an innocent holder of certain preclusionary property taken for this public use and has not received just compensation for this taking.

3. Petitioner has no controversy with Respondents' duties involved with the ongoing action(s) referenced in Exhibit A.

4. Petitioner has a specific issue with Respondents' monetary profit and gain arising from the taking of Petitioner's Intellectual Property. Respondents continued use of the Petitioner's Intellectual Property in the public for financial gain was without consent. Therefore, the Respondents have inherited specified duties as listed in the Notice to Cease and Desist (*see Exhibit 1*, attached hereto and fully incorporated herein by reference; page 4

---

[5] The statute does not initially prescribe a venue, stating that parties may petition "any United States district Court" which would otherwise have jurisdiction. 9 U.S.C. § 4. This broad authority, however, quickly narrows. The statute subsequently mandates that "the hearing and proceedings . . . shall be within the district in which the petition for an order directing such arbitration is filed."

paragraph 1, 2, 3, 5, 6, 7, 8, page 5 paragraph 1) and given their failure to perform those duties, have breached the contract.

5. Between the dates April 2, 2020 and April 16, 2020, Petitioner did communicate with Respondents for a peaceful and amicable solution with a settlement agreement in the form of a Notice to Cease and Desist with integrated Arbitration Agreement which is presented in Exhibit 1; under seal, attached hereto and fully incorporated herein by reference, wherein Respondents could exercise one of two options:

   A. Cease and desist Trademark infringement and opt-out of arbitration with surrender of all profits, costs and damages along with all infringing articles derived from the Taking, or;

   B. Due to continued use, parties accept being compelled into binding arbitration regarding the ongoing conversion and exploitation resulting from the Taking.

The Trust accepted a legal detriment by choosing to settle vs using the Trust's right to sue thereby giving the Respondents a legal benefit, which they have not objected to and instead have elected to avail themselves of, thus providing consideration. Further, any continued use or withholding for continued financial gain would by way of usury, be an expression of consent and waiver of immunity by the parties. Security given in the form of a commercial asset, like a Trademark, can secure an agreement. Consent by Respondents obligated Petitioner to honor the Notice to Cease and Desist by providing Indemnity in the form of limited coexistence and covenants not to sue. Because of continued use, the Respondents continued to profit and to use the accepted consideration; and therefore the parties' breach of Agreement compels them into binding arbitration to resolve the ongoing conversion and exploitation resulting from the unconstitutional Fifth Amendment Taking(s).

6. The Notice to Cease and Desist with integrated Arbitration Agreement includes the following Arbitration Clause:
   a. Any controversy or claim arising out of or relating to this contract, or the breach thereof, shall be settled by mandatory binding arbitration administered by the American Arbitration Association (hereinafter AAA) in accordance with its Commercial Arbitration Rules and judgment on the award rendered by the arbitrator(s) may be entered in any Court having jurisdiction thereof. The breaching party also agrees to a waiver of defense; The Debtor/Infringer <u>waives</u>

any defense of its rights under this agreement other than payment in full of the obligations due to TRUST. (*see Exhibit 1,* page 5 paragraph 8)

7. On April 2, 2020 through April 16, 2020, all Respondents did receive the Agreement by Authenticated Registered Email or by Certified Mail with Green Card returned and signed, or tracking records. They are listed as evidence of proof of service (see *Exhibit 1 referenced in Item 4 and Exhibit 2, Authenticated Registered Email Receipts; attached hereto and fully incorporated herein by reference*). Therefore, the parties have access to the written Arbitration Agreement.

8. This dispute is within the scope of the Arbitration Agreement.

9. Petitioner sent Respondents a Notice of expiration of the Cease and Desist 5 days before expiration pursuant with 9 U.S.C., §4 (see Exhibit 3 Notice of Petitioner's Intent to Compel Arbitration with Protective Remedy ("Notice"); attached hereto and fully incorporated herein by reference) of Petitioner's intent to request the U.S. District Court to Compel Respondents to arbitration; and request the Court provide protective remedy in the form of a Temporary Restraining Order or Preliminary Injunction on various dates between May 15, 2020 and August 12, 2020 by Registered Email (see Exhibit 4 Authenticated Receipts of Registered Emails delivered; attached hereto and fully incorporated herein by reference). The remaining Notices were delivered U.S. Postal Certified Mail with tracking or Green card evidence of delivery all within the timeframe stated above for the Registered Email's. Therefore, the Respondents have access to a written "Agreement" and "Notice" from Petitioner and have not objected to anything within either document.

10. With their subsequent conduct, behavior and assumption, Respondents did knowingly and willfully accept the terms and conditions of "Option B" described in Item 5.

11. Petitioner accepts.

12. Respondents have failed to comply with the "Agreement", after opting in, by their continued Taking without Trust's consent, thus breaching the Agreement, creating the controversy to be settled in Arbitration, and requiring this Court to Compel this matter to

binding Arbitration as set forth within the terms and conditions of the Agreement and 9 U.S.C, §§2 and 4, where a party aggrevied by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court...in a civil action or in admiralty of subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement. Five days' notice in writing of such application shall be served upon the party in default, which has been completed per Item 9 above.

13. Petitioner asserts that under 9 U.S.C., §4 (2019), there is a strong likelihood of success of moving to arbitration on the merits and therefore it is neither frivolous nor meritless for Petitioner to prevent exposure of the Trust's property from harm needlessly when the Supreme Court has held that the "likelihood of success" often foretells a finding of irreparable harm in *Juicy Couture, Inc. v. Bella Intern*, 930 F. Supp. 2d 489 (S.D.N.Y. 2013). Therefore, Petitioner requests the Court rule in favor of protective measures. The Respondents have agreed to the entitlement of the Petitioner to be protected within 15 days of breach to prevent continuance of breach…(*see Exhibit 1, Agreement page 4 paragraph 8.*)

### COUNT ONE – COMPEL PARTIES TO ARBITRATION UNDER THE FAA TO RESOLVE BREACH OF AGREEMENT

14. Petitioner repeats and re-alleges paragraphs 1 through 4 in the Preliminary Statement, 1 through 13 of the Preliminary Statement of Facts, and paragraphs 1 through 6 in Jurisdiction and Venue hereof, as if fully set forth within.

15. By reason of the foregoing, the Respondents have chosen to accept the Agreement and are bound to it through estoppel, assumption, veil piercing, alter ego, and waiver.

16. Contrary to the Agreement's terms and conditions, Respondents have **breached the Agreement** by continuing to profit from the use of the Trust's Trademark (*see evidence with Exhibit A, Page 3 – 2020/2021 PA Real Estate Tax*) after accepting the Notice to Cease and Desist and Arbitration Agreement, without objection.

17. The Petitioner has shown that there is a valid Arbitration Agreement and that the Respondents have waived any defense of its rights under this agreement other than payment in full of the obligations due to Trust (*see Notice to Cease and Desist attached as Exhibit 1 under seal for in camera review, page 5 paragraph 8*).

18. Whatever the commercial relationship the State perceived it had with the TRUST, the crucial fact is that Respondents did knowingly and willfully intervene by taking possession and operating control of Petitioner's Trademark in the name of the State without providing just compensation for said public use. The violation of the Taking Clause by Respondents creates a Fifth Amendment culpability which, in turn, creates a Fourteenth Amendment "due process" violation, both of which create Federal Questions justifying this Court to rule for the Petitioner in this matter. The culpability prescribes that any omission of occurrence or performance specifically creates a misprision of felony for conspiracy to commit an unlawful taking, conversion and tortuous interference with a post-deprivation recovery effort initiated under operation of law.

19. By doing so, the Respondents became the de facto proprietor because they exercised their right to use and profit from property that does not belong to them and, in accordance with the agreement presented, are subject to the liabilities which that status involves (See *United States v Pewee Coal*, 341 U.S. 114, 119 (1951))[6], and, the self-evident fact is where there is ongoing taking and deprivation of just compensation, equal protection and due process, there are Constitutional violations due to ongoing *ultra vires* conduct.

20. Because Petitioner and each Respondent entered into a valid arbitration agreement and are bound through estoppel, assumption, veil piercing, waiver and alter ego covering the taking, use and subsequent conversion of Petitioner's Trademark, and because Respondents have breached that agreement, this Court's role is clear: It should "enforce

---

[6] "Whatever might have been Pewee's losses had it been left free to exercise its own business judgment; the crucial fact is that the Government chose to intervene by taking possession and operating control. By doing so, it became the proprietor and, in the absence of contrary arrangements, was entitled to the benefits and subject to the liabilities which that status involves".

the arbitration agreement in accordance with its terms," *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d at 1130 (9th Cir. 2000), and issue an "order directing that such arbitration proceed in the manner provided for in such agreement," 9 U.S.C., §4.

21. Since all parties acknowledge the agreement without disagreement, all parties consent and agree to arbitrate any dispute, claim or controversy regarding this matter and allow for any requested injunctive relief and there is no controversy; therefore, the Court has no discretion other than to accept the arbitration agreement as valid and enforceable with 9 U.S.C., §2, with obligation to grant this petition pursuant with 9 U.S.C., §4.

## COUNT TWO – PROTECT TRUST FROM FURTHER TRADEMARK AND TRADE SECRET INFRINGEMENT

22. Petitioner repeats and re-alleges paragraphs 1through 4 in the Preliminary Statement, 1 through 13 of the Preliminary Statement of Facts, and paragraphs 1 through 6 in Jurisdiction and Venue hereof, as if fully set forth within.

23. Respondents agree that perpetuation of any acts that cause irreparable harm/injury to the Trust evidence the need for a Preliminary Injunction or Temporary Restraining Order enjoining any such acts. Exhibit 1 page 4, paragraph 8 confirms, "As a result of such breach, INFRINGING PARTY agrees TRUST shall be entitled to Preliminary Injunctive Relief within fifteen (15) days of breach to prevent the continuance of breach and understands TRUST will be entitled to equity in the form of Emergency Measures of Protection, punitive damages, and other monetary relief as provided by statute".

24. The basis for irreparable harm is Respondents' continued use of the Trust's Trademark in the face of having been served the Notice to Cease and Desist, 5 day Notice and offered opportunities to contract for use or to "opt out" of the Agreement and yet, as conclusive evidence will prove in arbitration, chose to deliberately and willfully continue Taking and using said Trademark for their own gain and profit. Exhibit A offers evidence of continued Taking and Infringement after Respondents were given ample Notification and time to correct their unlawful behavior (*see Exhibit A Page 3 - 2020/2021 Real Estate Tax Statement*)

25. Therefore, concurrent with the holding in *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008), Respondents' reckless behavior demonstrates not only the "possible" continuing and further Takings but "a strong likelihood" of continuing and further Takings resulting in irreparable harm and injury to the Trust and thus warrants protective remedy. If fact, it can be said thru evidence provided in Exhibit A that this goes beyond a strong likelihood of continued infringement, to actual continuing infringement. A Temporary Restraining Order ("TRO") or Preliminary Injunction to prevent further exploitation of the Trademark in accordance with the attached Motion for Injunctive Relief, pursuant to F.R.Civ.P. Rule 65, is requested of the Court.

## RELIEF REQUESTED

**WHEREFORE**, Petitioner respectfully requests of this Court:

1. That the Court issue an ORDER compelling Respondents to submit to binding arbitration per the Settlement Agreement presented, and Respondents consent by action (assumption) that bind them to the Agreement;
2. That the Court Seal all records in accordance with the attached Motion to present records under Seal to preserve the integrity of the Agreement presented & the privity of the parties interests and obligations under the contract, and;
3. That the Court issue a Preliminary Injunction or Temporary Restraining Order to prevent further exploitation of the Trademark in accordance with the attached Motion for Injunctive Relief, and;
4. That that the Court grant any other relief that it deems just or proper.

This space intentionally left blank.

## DECLARATION

I, Edward James Artz, Trustee, do solemnly attest that the foregoing facts contained herein & incorporated by reference are true, correct & complete and executed without the United States. I declare under penalty of perjury under the laws of the united States of America that the foregoing is true and correct. (28 U.S.C., §1746(1))

             Respectfully executed and submitted on this

             August 28th, 2020

             By: _Edward James Artz, Trustee_
             Edward James Artz, Trustee on behalf of the
             EDWARD JAMES ARTZ™ TRUST
             c/o 464 Baneswood Circle
              Kennett Square, Pennsylvania [19348]
             602-774-2266
             edwardjamesartz@edwardjamesartz.com

**Exhibit(s) List:**
(All Exhibits are attached hereto and fully incorporated herein by reference)

Exhibit A – Evidence of Respondent's Infringement of Trademark and continued takings attached hereto and fully incorporated herin by reference.

Exhibit 1 – Notice to Cease and Desist with Incorporated Arbitration Agreement **filed under seal** and fully incorporated herein by reference.

Exhibit 2 – Evidence of Service on Respondents of Notice to Cease and Desist and attached hereto and fully incorporated herein by reference.

Exhibit 3 – 5-Day Notice of Petitioner's Intent to move the District Court of Pennsylvania, Eastern District to Compel Arbitration and Request Protective Remedy from further harm by Respondents, including Evidence of Service of the 5-Day Notice on Respondents attached hereto and fully incorporated herein by reference.

Exhibit 4 – Evidence of Petitioners Website and Operation in Commerce attached hereto and fully incorporated by reference.